UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

KENLOVE JEAN,

                Petitioner,

v.

UNKNOWN PARTY,

                Respondent.

_____/

Case No. 1:26-cv-2003

Honorable Jane M. Beckering

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## **Discussion**

### I.      **Procedural History**

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondent to release Petitioner. (Pet., ECF No. 1, PageID.7.) In an Order entered on July 13, 2026, the Court directed Respondent to show cause, within three business days, why the writ of habeas corpus should not be granted. (Order, ECF No. 5.) Respondent filed a response and a recording of the

June 8, 2026, bond hearing on July 16, 2026, (Resp., ECF No. 6; Recording of Jun. 8, 2026, Bond

Hearing, filed on Jul. 16, 2026).

**II.      Factual Background**

Petitioner is a citizen of Haiti who entered the United States in 2023. Op., *Jean v. ICE*

*Director* (*Jean I*), No. 1:26-cv-1603 (W.D. Jun. 1, 2026) (ECF No. 8). On August 20, 2025, ICE

agents took Petitioner into custody. *Id.*; (Pet., ECF NO. 1, PageID.8).

On May 15, 2026, Petitioner filed a § 2241 petition challenging his initial detention without

a bond hearing in *Jean I*. In *Jean I*, the Court dismissed Petitioner's petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2241, without prejudice, on the basis that Petitioner had failed to

exhaust his administrative remedies before filing his petition. Op. & Jud., *Jean I*, (W.D. Mich. Jun.

1, 2026) (ECF Nos. 8, 9).

On June 8, 2026, Petitioner received a bond hearing pursuant to § 1226(a). Immigration

Judge Order, *Jean I* (W.D. Mich. Jun. 9, 2026) (ECF No. 10-1). At the conclusion of that hearing,

the Immigration Judge denied Petitioner's request for bond in a written order, stating:

> [Petitioner] failed to show he is not a danger. On April 15, 2025, [Petitioner] was
> arrested by Indianapolis Metropolitan Police Department for Criminal
> Recklessness with a Deadly Weapon and Criminal Mischief. On August 19, 2025,
> [Petitioner] was found guilty of those crimes and sentenced to 360 days in prison.
> In addition, [Petitioner] is a flight risk. He is a recent entrant to this country, owns
> no property in this country and has very limited ties to the United States.

*Id*.

**III.     Analysis**

Respondent argues that the Court should deny Petitioner's § 2241 petition due to a lack of

jurisdiction and Petitioner's failure to exhaust Petitioner's administrative remedies, as well as on

the merits. The Court has fully addressed these issues and Respondent's arguments in *Soto-Medina*

*v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026). Therefore, for the reasons set forth in *Soto-*

*Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## IV.    Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

### <u>Conclusion</u>

The Court will order Respondent to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondent to file a status report within six business days of the date of this Court's Opinion and Judgment to certify compliance with this Opinion and the corresponding Judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated:    July 23, 2026                    /s/ Jane M. Beckering
                                           Jane M. Beckering
                                           United States District Judge